UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:09CV992-J

CHRISTOPHER J. FONZI                                                                            PLAINTIFF

VS.

MICHAEL J. ASTRUE,
      Commissioner of Social Security                                    DEFENDANT

## MEMORANDUM OPINION

Before the Court is the complaint of Christopher Fonzi ("Plaintiff" or "Claimant") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. Section 405(g). After examining the administrative record ("Tr."), the arguments of the parties, and the applicable authorities, the Court is of the opinion that the decision of the defendant Commissioner should be affirmed.

## PROCEDURAL HISTORY

On July 6, 2006, Claimant filed application for disability insurance benefits. After a hearing, Administrative Law Judge Amelia G. Lombardo ("ALJ") determined that claimant's residuals of multiple fractures secondary to a motor vehicle accident, scoliosis, and degenerative disc disease of the lumbosacral spine were severe impairments that prevented him from performing any of his past relevant work. The ALJ further found that he retained the residual functional capacity for jobs existing in significant numbers. This became the final decision of the Defendant on all applications when the Appeals Council denied review on October 29, 2009.

## STANDARD OF REVIEW

The task of this Court on appellate review is to determine whether the administrative

1

proceedings were flawed by any error of law, and to determine whether substantial evidence supports the factual determinations of the ALJ. Elam v. Commissioner, 348 F.3d 124 (6th Cir. 2003). "Substantial evidence" exists if there is sufficient evidence from which reasonable minds could arrive at the challenged conclusion. NLRB v. Columbian Enameling and Stamping Co., 306 U.S. 292 (1939); Foster v. Bowen, 853 F.2d 483 (6th Cir. 1988). If the proceedings are without reversible error and if substantial evidence exists to support the challenged conclusions, this Court must affirm, regardless of whether the undersigned would have found the facts differently.

## ARGUMENTS ON THIS APPEAL

Plaintiff argues that the ALJ failed to properly evaluate witness credibility regarding pain.

It is well-established that resolving conflicts in the evidence and deciding questions of credibility are matters within the province of the ALJ. Wright v. Massanari, 321 F.3d 611 (6th Cir. 2003). SSR 96-7p provides instruction on credibility evaluation as follows:

> In general, the extent to which an individual's statements about symptoms can be relied upon as probative evidence in determining whether the individual is disabled depends on the credibility of the statements. In basic terms, the credibility of an individual's statements about pain or other symptoms and their functional effects is the degree to which the statements can be believed and accepted as true. When evaluating the credibility of an individual's statements, the adjudicator must consider the entire case record and give specific reasons for the weight given to the individual's statements.

20 C.F.R. § 404.1529(c) describes the kinds of evidence, including the factors below, that the adjudicator is to consider in addition to the objective medical evidence when assessing the credibility of an individual's statements:

1) Daily activities;

2) The location, duration, frequency, and intensity of pain or other symptoms;
3) Precipitating and aggravating factors;

2

4) The type, dosage, effectiveness, and side effects of any medication taken to alleviate your pain or other symptoms;

5) Treatment, other than medication, received for relief of pain or other symptoms;

6) Any measures used to relieve pain or other symptoms (e.g., lying flat on the back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.); and

7) Other factors concerning functional limitations and restrictions due to pain or other symptoms.

Plaintiff's primary objection to the ALJ's application of these factors is to the ALJ's observation that he has not "required back surgery: all treatment has been conservative." Tr. 22 Plaintiff points only to his own testimony that his physicians have advised him they have no further treatments short of surgery to offer, and that surgical fusion would provide him only temporary relief and would result in his needing to use a wheelchair. Tr. 44. The medical records do not confirm such advice. Further, while the medical records provide a basis for the type of pain of which he complains, they indicate "moderate" scoliosis, and "mild" degenerative disc disease. The records also reflect normal range of motion, normal muscle strength, and normal gait, all of which suggests less than a disabling level of pain. It is inappropriate for this Court to substitute its credibility judgment for that of the ALJ, who had the advantage of being able to observe the plaintiff. The Court finds no error in the ALJ's assessment of Mr. Fonzi's credibility with respect to back pain.

Plaintiff also objects that the ALJ improperly rejected his testimony regarding his daily migraine headaches. However, plaintiff overlooks the ALJ's full analysis of the migraine issue, which included the notations that (1) plaintiff admitted in mid-2006 that medication controlled all but the worst of his headaches, (2) he reported in March of 2008 that his headaches were becoming more frequent, but that medication continued to help, (3) a month later, in April 2008, he reported to Dr. Sowell that his headaches occurred daily and that medication did not relieve them, and (4) the

VA records make no mention of daily migraines. While the evidence is mixed, the credibility determination belongs to the finder of fact, and the Court finds no legal error in the ALJ's treatment of Mr. Fonzi's testimony regarding migraine headaches.

Finally, Mr. Fonzi contends that the Appeals Council erred in failing to properly address new evidence submitted to it. Evidence submitted to the Appeals Council after the ALJ's decision cannot be considered part of the record for purposes of substantial evidence review. <u>Cline v. Comm'r of Social Security</u>, 96 F.3d 146, 148 (6th Cir.1996) ("[W]here the Appeals Council considers new evidence but declines to review a claimant's application for disability insurance benefits on the merits, the district court cannot consider that new evidence in deciding whether to uphold, modify, or reverse the ALJ's decision."). "The district court can, however, remand the case for further administrative proceedings in light of the evidence, if a claimant shows that the evidence is new and material, and that there was good cause for not presenting it in the prior proceeding." Id.

Evidence is new only if it was "not in existence or available to the claimant at the time of the administrative proceeding." <u>Sullivan v. Finkelstein</u>, 496 U.S. 617, 626, 110 S.Ct. 2658, 110 L.Ed.2d 563 (1990). Such evidence is "material" only if there is "a reasonable probability that the Secretary would have reached a different disposition of the disability claim if presented with the new evidence." <u>Sizemore v. Sec'y of Health & Human Servs.</u>, 865 F.2d 709, 711 (6th Cir.1988). A claimant shows "good cause" by demonstrating a reasonable justification for the failure to acquire and present the evidence for inclusion in the hearing before the ALJ. <u>Willis v. Sec'y of Health & Human Servs.</u>, 727 F.2d 551, 554 (1984) (per curiam). As noted above, the burden of showing that a remand is appropriate is on the claimant. <u>Oliver v. Sec'y of Health & Human Servs.</u>, 804 F.2d 964, 966 (6th Cir.1986).

4

Therefore, we examine the materials submitted in November 1995 solely to determine whether this case should be remanded for further administrative proceedings in light of that evidence. Cline, supra. Defendant argues that the evidence was not "new" as plaintiff has failed to demonstrate that it was "not in existence or available to the claimant at the time of the administrative proceeding." Sullivan v. Finkelstein, 496 U.S. 617, 626, 110 S.Ct. 2658, 110 L.Ed.2d 563 (1990). Plaintiff has made no attempt to explain his failure to obtain the records prior to the ALJ's decision, or even to ask the ALJ to hold open the record for additional information. The "remand for new evidence" standard is a very stringent one, and Mr. Fonzi has not met it here.

An order in conformity has this day entered.